IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **Eco-Stim Energy Solutions, Inc.,** *et al.,* | § | **Case No. 20-32167** |
| | § | |
| Debtors. | § | **(Jointly Administered)** |

### THE LIQUIDATING TRUSTEE OF THE ECO-STIM LIQUIDATING TRUST'S MOTION FOR ENTRY OF A FINAL DECREE CLOSING CHAPTER 11 CASES

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE MARVIN ISGUR,
UNITED STATES BANKRUPTCY JUDGE:

Alex Mazier (the "**Trustee**"), the Liquidating Trustee of the Eco-Stim Liquidating Trust (the "**Trust**"), files this Motion for Entry of Final Decree Closing Chapter 11 Cases (the "**Motion**"), in the above-styled cases of *In re Eco-Stim Energy Solutions, Inc.,* Case No. 20-32167 and *In re EcoStim, Inc.*, Case No. 20-32169 (Jointly Administered) (collectively, the "**Cases**"), and would respectfully show as follows:

## JURISDICTION AND VENUE

1. The Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. § 1408.

2. The Court has constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the Trustee consents to the entry of a final order or judgment by this Court in this matter.

3. The bases for the relief requested herein are Section 350(a) of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1009(a), 3022, and 9006(b) of the Federal Rules of Bankruptcy Procedure, and Rule 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas.

## BACKGROUND

**A.  General Background**

4. On or about June 15, 2020, *In re Eco-Stim Energy Solutions, Inc.,* Case No. 20-32167 and *In re EcoStim, Inc.*, Case No. 20-32169 (Jointly Administered), the Debtors in the Cases (collectively, the "**Debtors**"), filed Voluntary Petitions for Relief instituting the Cases.

5. On or about July 21, 2020, the Court entered the Amended Order Confirming the First Amended Plan (the "**Plan**" and/or "**Confirmation Order**") [Docket No. 156], pursuant to which the Trust was created and Alex Mazier was appointed as the Liquidating Trustee and vested with the power and duty to administer all of the assets of the Debtors, which were transferred to the Trust as provided in the Plan.

6. Pursuant to the Plan, all assets of the Debtors were transferred to the Trust, including, but not limited to (i) all cash in the bank accounts; (ii) business records (pare and digital) and the server, and (ii) potential causes of action that the Debtors may have held.

7. The Debtors' paper business records, digital information held by the Debtors, and the Debtors' server have been destroyed.

8. The Trust was able to settle, *inter alia*, several causes of action, and recovered limited amount of funds used to support the Trust's activities and further collection efforts.

9. The final distributions of the Trust assets, except for the final payment to the U.S. Trustee, have been paid and all distributions were negotiated. No funds remain in the Trust except for the final payment for fees to the U.S. Trustee.

10. All Tax Returns are being prepared and/or have been filed.

11. The Final Post-Confirmation Report for the First Quarter 2024 has been filed.

12. Mr. Duran (USTP) has reviewed, revised, and approved the Final Decree, filed contemporaneously herewith, and supports closure of the Cases.

13. While the Motion provides for a twenty-one (21) day notice, the Trustee requests that a Final Decree be entered as soon as possible.

## BASIS FOR RELIEF

**A. Entry of a Final Decree Is Appropriate Under the Circumstances**

14. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."[1] Bankruptcy Rule 3022, which implements Section 350 of the Bankruptcy Code, further provides that "[a]fter

---

[1] 11 U.S.C. § 350(a).

an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."[2]

15. The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Local Rules. The Advisory Committee Notes to Bankruptcy Rule 3022 (the "**Advisory Committee Notes**"), however, set forth the following non-exclusive factors for consideration in determining whether a case has been fully administered:

    a. whether the order confirming the plan has become final;

    b. whether deposits required by the plan have been distributed;

    c. whether the property proposed by the plan to be transferred has been transferred;

    d. whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

    e. whether payments under the plan have commenced, and

    f. whether all motions, contested matters, and adversary proceedings have been finally resolved.

16. All of these factors have occurred in this Cases.

## NOTICE

17. The Trustee will provide notice of this Motion to: (i) Mr. Duran (USTP); (ii) Yasmine Rivera (USTP); (iii) the Office of the U.S. Trustee for the Southern District of Texas, and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that, in light of the nature of the relief requested and the amount of mail that has previously been returned due to the age of the Cases, no other or further notice need be given.

---

[2] Fed. R. Bankr. Proc. 3022.

WHEREFORE, the Trustee respectfully requests that the Court enter the Final Decree granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  February 16, 2024

                                                Respectfully submitted,

**RUTH A. VAN METER, P.C.**

BY: */s/ Ruth Van Meter*
Ruth Van Meter
 State Bar No. 20661570
9322 Shady Lane Circle
Houston, Texas 77063
Tel:    713.858.2891
rvanmeter@vanmeterlaw.com

**ATTORNEYS FOR THE LIQUIDATING TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2024, a true and correct copy of the foregoing pleading was served via CM/ECF to all parties authorized to receive electronic notice in the Case, and by email to Mr. Duran at Hector.Duran.Jr@usdoj.gov and Ms. Rivera at Yasmine.Rivera@usdoj.gov.

/s/ *Ruth Van Meter*
Ruth Van Meter